UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **Siemens Gamesa Renewable Energy,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **United States,** ) <br> ) <br> **Defendant.** ) <br> ) | Court No. 21-00449 |

## COMPLAINT

Plaintiff Siemens Gamesa Renewable Energy ("SGRE" or "Plaintiff"), by and through its attorneys, alleges and states the following cause of action:

### I. JURISDICTION

1. Plaintiff brings this action pursuant to section 516a of the Tariff Act of 1930, as amended (19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and 1516a(a)(2)(B)(i)), which provides that certain final determinations on the record are reviewable by this Court.

2. This action is an appeal of the U.S. Department of Commerce's decision in the final affirmative determination under 19 U.S.C. § 1673d as implemented in the antidumping duty order on utility scale wind towers from Spain (case nos. A-469-823/731-TA-1545). *See Utility Scale Wind Towers from Spain: Antidumping Duty Order*, 86 Fed. Reg. 45,707 (August 16, 2021) (the *Order*); *see also Utility Scale Wind Towers from Spain: Final Determination of Sales at Less Than Fair Value,* 86 Fed. Reg. 33,656 (June 25, 2021).

1

3.  This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), which provides jurisdiction over civil actions commenced under 19 U.S.C. § 1516a.

## II. STANDING OF PLAINTIFF

4.  Plaintiff SGRE is a Spanish exporter of utility scale wind towers from Spain. As such, Plaintiff is an interested party within the meaning of 19 U.S.C. §§ 1677(9)(A) and 1516a(f)(3), and 28 U.S.C. § 2631(k)(1). Plaintiff also filed case briefs and submitted factual information and otherwise participated fully in the underlying administrative proceeding that led to the factual findings and legal conclusions being challenged in this action. Accordingly, Plaintiff was a "party to the proceeding" and, therefore, has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## III. TIMELINESS OF THIS ACTION

5.  Plaintiff filed this action by filing the Summons on August 18, 2021, within thirty (30) days after the United States Department of Commerce (the "Department") published the *Order* in the Federal Register. Plaintiff is filing this complaint on August 18, 2021, within 30 days after filing the summons. Accordingly, this action is timely filed under 19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 28 U.S.C. § 2636(c) and Rule 3 of this Court.

## IV. FACTUAL ALLEGATIONS

6.  This case involves the antidumping duty ("AD") order on utility scale wind towers ("wind towers") from Spain issued in connection with case nos. A-469-823/731-TA-1545.

7.  On September 30, 2020, the Wind Tower Trade Coalition filed a petition for the imposition of antidumping duties on imports of wind towers from Spain. *See* Petitioner's Letter, "Utility Scale Wind Towers from India, Malaysia and Spain: Petitions for the Imposition of Antidumping and Countervailing Duties," dated September 30, 2020 (Petition).

8.      On October 7, 2020, Commerce extended the initiation deadline by 20 days to poll the domestic industry, in accordance with section 732(c)(1)(B) of the Act, because the Petition, as filed, failed to establish that the domestic producers or workers accounting for more than 50 percent of total production supported the Petition. *See Notice of Extension of the Deadline for Determining the Adequacy of the Antidumping and Countervailing Duty Petitions: Utility Scale Wind Towers from India, Malaysia, and Spain*, 85 Fed. Reg. 65,028 (Oct. 14, 2020) (*Initiation Extension*).

9.      On November 9, 2020, the Department initiated the investigation. *See Utility Scale Wind Towers from India, Malaysia, and Spain: Initiation of Less Than-Fair-Value Investigations*, 85 Fed. Reg. 73,023 (Nov. 16, 2020) (*Initiation Notice*).

10.     In the "Respondent Selection" section of the *Initiation Notice*, Commerce stated its intent to select respondents based on U.S. Customs and Border Protection ("CBP") data for entries of wind towers from Spain over the period of investigation ("POI"). On November 25, 2020, in light of subsequent comments received, specifically, that the CBP data was flawed due to mixed units of measure, Commerce determined to issue quantity and value ("Q&V") questionnaires to prospective respondents.

11.     On December 4, 2020, the U.S. International Trade Commission ("ITC") preliminarily determined that there was a reasonable indication that an industry in the United States is materially injured by reason of imports of wind towers from Spain. *See Utility Scale Wind Towers from India, Malaysia, and Spain*, 85 Fed. Reg. 79,217 (Dec. 9, 2020).

12.     On December 23, 2020, Commerce selected Vestas Eolica S.A.U. ("Vestas"), the entity accounting for the largest quantity of exports of subject merchandise over the POI, as the sole mandatory respondent in the investigation. In so doing, Commerce identified SGRE as the

second largest, and only other, known exporter of subject merchandise over the POI. *See* Department Memorandum, "Less-Than-Fair-Value Investigation of Utility Scale Wind Towers from Spain: Respondent Selection," dated December 23, 2020 (*Respondent Selection* memorandum).

13. Commerce's *Respondent Selection* memorandum stated that it was "not practicable" to individually examine all known exporters of wind towers from Spain (in this case, two), and that its resources allowed only for an examination of a single exporter, namely, Vestas. *Id*.

14. On January 28, 2021, roughly two months prior to the un-extended preliminary determination, Vestas notified the Department of its intent to withdraw from the investigation, without having filed a single questionnaire response.

15. Between January 28, 2021, and February 17, 2021, Commerce did not select SGRE as the replacement respondent.

16. On February 17, 2021, SGRE submitted a request that Commerce select SGRE as a mandatory respondent as the next largest and only other known exporter, in accordance with the statute and established practice, and to extend the deadline for the preliminary determination by 50 days, as provided in 19 CFR 351.205(b)(2). *See* SGRE's Letter, "Less-Than-Fair-Value Investigation of Utility Scale Wind Towers from Spain: Request for Mandatory Respondent Selection," dated February 17, 2020.

17. On March 5, 2021, Commerce declined to conduct an individual examination of SGRE and extend the deadline for the preliminary determination as requested. *See* Commerce's Letter, "Utility Scale Wind Towers from Spain: Request to Select Replacement Mandatory Respondent," dated March 5, 2021.

18. On March 29, 2021, Commerce made an affirmative preliminary determination of sales at less than fair value based entirely on adverse facts available ("AFA"), having not conducted an individual examination of a single exporter. *See Utility Scale Wind Towers from Spain: Preliminary Affirmative Determination of Sales at Less Than Fair Value*, 86 Fed. Reg. 17,355 (April 2, 2021).

19. On May 3, 2021, SGRE submitted an administrative case brief for the final determination, requesting the Department to reconsider its refusal to individually examine SGRE, and extend the deadlines for the preliminary and final determinations.

20. On June 25, 2021, Commerce issued a final affirmative antidumping duty determination with respect to wind towers from Spain, again based entirely on AFA. *Utility Scale Wind Towers From Spain: Final Determination of Sales at Less Than Fair Value,* 86 Fed. Reg. 33,656 (June 25, 2021).

21. On August 9, 2021, the Commission made determinations that an industry in the United States is materially injured by reason of imports of wind towers from Spain to be sold in the United States at less than fair value. *Utility Scale Wind Towers From Spain; Determination*, 86 Fed. Reg. 44,748 (August 13, 2021).

22. On August 16, 2021, the Department issued the *Order*.

### V. STATEMENT OF CLAIMS

#### COUNT ONE

23. Plaintiff incorporates by reference each allegation and fact contained in paragraphs 1 through 21 above as if fully set forth herein.

24. The Department's failure to select SGRE, the next largest and only other known exporter, as a replacement mandatory respondent after Vestas stated its intent to no longer

participate – which precluded the Department from fulfilling its statutory obligation to conduct an individual examination – resulting in a final determination based entirely on AFA, as implemented in the *Order*, is not in accordance with law.

25. Pursuant to the antidumping statute, as a general rule, Commerce shall determine an individual weighted average dumping margin for each known exporter of subject merchandise. 19 U.S.C. 1677f-1(c)(1). *See also Zhejiang Native Produce & Animal v. United States*, 637 F. Supp. 2d 1260, 1261 (CIT 2009). The statute further provides that Commerce may limit its examination to a "reasonable number of exporters" only when it is not practicable to determine individual margins for each known exporter. 19 U.S.C. 1677f-1(c)(2). If that precondition is met, it may select entities "accounting for the largest volume" of subject merchandise from the exporting country that can reasonably be examined. *Id*. In any event, however, an individual examination must be conducted.

26. The Department's failure to select SGRE as a replacement mandatory respondent precluded the Department from fulfilling its statutory obligation to conduct an examination of at least a single exporter, as required by the statute, resulting in a final determination based entirely on AFA, as implemented in the *Order*, and is therefore not in accordance with law.

### COUNT TWO

27. The Department's refusal to conduct an individual examination of SGRE is arbitrary and capricious. Agency action is arbitrary and capricious if the agency offers insufficient reasons for treating similar situations differently. *Am. All. for Hardwood Plywood v. United States*, 392 F. Supp. 3d. 1298, 1371 (CIT 2019).

28. The Department routinely selects additional mandatory respondents in similar situations – generally, the next largest exporter. In this proceeding, despite not a single remaining

participating mandatory respondent subject to individual examination, the Department refused to select the next largest and only other known exporter, SGRE, for individual examination.

29.    Further, the Department failed to articulate sufficient reasons for its refusal to conduct an individual examination in this proceeding.  Specifically, the Department claimed that insufficient time remained for issuing questionnaires, obtaining and analyzing responses, and preparing the preliminary determination. *See* Commerce's Letter, "Utility Scale Wind Towers from Spain: Request to Select Replacement Mandatory Respondent," dated March 5, 2021. Additionally, the Department claimed that numerous other ongoing proceedings limited Commerce's ability to select a replacement mandatory respondent. *Id*.

30.    However, at the time of Vestas' withdrawal, more than two months remained prior to the un-extended deadline for the preliminary determination, and an additional 75 days prior to the un-extended final determination.  Moreover, the Department already declared in the *Respondent Selection* memorandum its ability to individually examine one mandatory respondent.

31.    Therefore, the reasons as articulated by the Department are at odds with the facts and established Department practice, and do not offer sufficient justification for treating this situation differently, as required by 5 U.S.C.S. § 706(2)(A).  Thus, the Department's refusal to select SGRE as an additional mandatory respondent and failure to conduct an individual examination of a single exporter in this investigation is arbitrary and capricious.

## COUNT THREE

32.    The Department's refusal to extend the deadlines for the preliminary and final determinations to allow for a fulsome individual examination of SGRE is arbitrary and capricious. Section 733(c)(1) of the Act permits Commerce to postpone the preliminary determination by an additional 50 days when the parties concerned are cooperating, the investigation is extraordinarily

complicated, and additional time is needed to make a preliminary determination. Further, section 735(a)(2)(A) of the Act permits Commerce to postpone a final determination by an additional 60 days where, in the case of an affirmative preliminary determination, exporters or producers who account for a significant proportion of exports, submit such a request and there are no compelling reasons to deny the request.

33. With respect to the preliminary determination, SGRE was a fully cooperating party, and as stated by the Department, additional time may have been needed to make the determination. Moreover, the Department already cited extraordinary complexities in this investigation when determining to extend the statutory deadline to initiate the investigation (*See Initiation Extension*, 85 Fed. Reg. at 65,028), and in outlining its reasons to limit individual examination to a single exporter (*See Respondent Selection* memorandum at 6).

34. The Department further failed to articulate a single reason for denying SGRE's request to extend the final determination, despite the affirmative preliminary determination. *See* SGRE's Letter, "Antidumping Duty Investigation of Utility Scale Wind Towers from Spain: SGRE's Case Brief," dated May 3, 2021 at 5. *See also* Department Memorandum, "Issues and Decision Memorandum for the Final Affirmative Determination in the Less-Than-Fair-Value Investigation of Utility Scale Wind Towers from Spain," dated June 14, 2021 at 4-8.

35. Moreover, the Department routinely extends such determinations when faced with similar circumstances, as shown in the companion proceedings in this very investigation. *See, e.g.*, *Utility Scale Wind Towers from India and Malaysia: Postponement of Preliminary Determinations in the Less-Than-Fair-Value Investigations*, 86 Fed. Reg. 14,071 (March 12, 2021); *Utility Scale Wind Towers from India: Postponement of Final Determination of Sales at Less Than Fair Value Investigation*, 86 Fed. Reg. 38,274 (July 20, 2021), *et al*. Further, the Department twice recently

tolled the deadlines for the preliminary and final determinations in every ongoing antidumping and countervailing duty administrative review due to the COVID-19 pandemic, first by 50 days and later by an additional 60 days.  *See* Department Memorandum, "Tolling of Deadlines for Antidumping and Countervailing Duty Administrative Reviews," dated April 24, 2020 and July 21, 2020, respectively.

36. The Department failed to articulate sufficient reasons for refusing to extend the period remaining for these determinations, despite Commerce's past practice in this respect, SGRE's requests, and the broad statutory discretion to do so.  Therefore, the Department's refusal to extend the deadlines for the preliminary and/or final determinations to allow for a complete individual examination of SGRE as required by the statute is arbitrary and capricious.

## COUNT FOUR

37. As stated above, the statute provides that Commerce may limit its examination to a "reasonable number of exporters" only when it is not practicable to determine individual margins for each known exporter. 19 U.S.C. 1677f-1(c)(2).  If that precondition is met, it may then either use sampling or select entities "accounting for the largest volume" of subject merchandise from the exporting country that can reasonably be examined. *Id*.

38. In instances where Commerce cannot individually examine all producers and exporters, the *representativeness* of investigated exporters constitutes the justification for an "all-others" rate.  As stated in *Albemarle Corp. v. United States,* 821 F.3d 1345 (CAFC 2016), the very fact that the statute contemplates using data from the largest volume exporters suggests an assumption that those data can be viewed as representative of all exporters.  The statute assumes that, absent evidence to the contrary, reviewing a limited number of exporters will enable Commerce to reasonably approximate the margins of all known exporters.  As such, "[t]he

representativeness of the investigated exporters is the essential characteristic that justifies an 'all others' rate based on a weighted average for such respondents." *Id.*

39. In this case, once the largest exporter declared its intent to no longer participate as a mandatory respondent, the Department declined to select the next largest exporter, SGRE, as the replacement mandatory respondent for examination. Instead, the Department issued a final affirmative antidumping duty determination based entirely on AFA.

40. Thus, Commerce's assignment of an antidumping duty rate to all parties based entirely on AFA in the final determination, in the absence of an individual examination of a single exporter, as implemented in the *Order*, is not representative of all other exporters, and is not in accordance with law and directly contrary to the Court's determination in *Albemarle*.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment against Defendant and award the following relief:

a. Hold that the Department's decision in the final affirmative antidumping duty determination of wind towers from Spain, as implemented in the *Order* was arbitrary, capricious, and otherwise not in accordance with law;

b. Remand this matter with instructions to reopen the record and conduct an individual examination of SGRE as the replacement mandatory respondent;

c. Grant Plaintiff such further and additional relief as this Court may deem just and proper.

Respectfully submitted,

*/s/ Daniel Cannistra*

Daniel Cannistra
Michael Bowen
Simeon Yerokun

Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500
dcannistra@crowell.com

<u>Counsel for SGRE</u>

Dated: August 18, 2021

**CERTIFICATE OF SERVICE**

Pursuant to Rule 3(f) of the Court of International Trade, I, Daniel Cannistra, hereby certify that I have caused copies of the Summons, Complaint, Form 5, Form 11, Form 13, and Form 17 in Ct. No. 21-00449, be served upon the parties in the administrative proceeding, by the U.S. certified mail, return receipt requested.

**UPON THE UNITED STATES:**
Attorney-in-Charge
**International Trade Field Office**
National Courts Section
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza, Room 346
New York, NY 10278

Jeanne Davidson, Director
Attorney-in-Charge
Civil Division
**Commercial Litigation Branch**
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE UNITED STATES DEPARTMENT OF COMMERCE:**
Michelle O. McClelland
Assistant General Counsel for Administration
and Transaction, performing the non-exclusive
duties of the General Counsel
**U.S. Department of Commerce**
Mail Stop 5875 HCHB
14th and Constitution Avenue,
Washington DC 20230

Robert Heilferty
Chief Counsel for Enforcement and Compliance
Office of the Chief Counsel for Trade
Enforcement and Compliance
**International Trade Administration**
**U.S. Department of Commerce**
1401 Constitution Avenue, NW

Washington, DC 20230

**UPON THE UNITED STATES**
**INTERNATIONAL TRADE COMMISSION:**
Lisa R. Barton
Secretary to the Commission
**U.S. International Trade Commission**
500 E Street SW
Washington, DC 20436

**OTHER INTERESTED PARTIES:**

Daniel B. Pickard, Esq.
**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006
Phone: 202-719-7000
Email: dpickard@wiley.law

Jay C. Campbell, Esq.
**White & Case LLP**
701 Thirteenth Street, NW
Washington, DC 20005-3807
Phone: 2026263600
Email: jcampbell@whitecase.com

Chunlian Yang, Esq.
**Alston & Bird, LLP**
950 F Street, NW
Washington, DC 20004-1404
Phone: 757-814-7406
Email: lian.yang@alston.com

Jeffrey S. Neeley, Esq.
**Husch Blackwell LLP**
750 17th Street, NW
Suite 900
Washington, DC 20006
Phone: 202-378-2357
Email: jeffrey.neeley@huschblackwell.com

Eric Emerson, Esq.
**Steptoe & Johnson LLP**
1330 Connecticut Avenue, NW
Washington, DC 20036-1795

Phone: 202-429-3000
Email: eemerson@steptoe.com

Maria Angeles Bosch
**Government of Spain**
Embassy of Spain
2375 Pennsylvania Ave. NW
Washington DC 20037
Phone: 202-728-2375
Email: angeles.bosch@comercio.mineco.es

Javier Dosuna
**Lancor 2000 S.Coop**
LANCOR 2000 S.COOP
Polígono Industrial El Campillo FII P3 48500 Ababanti y Ciervana (Bizkaia) Spain
Phone: 003494361508
Email: javier_dosuna@lancor.es

Pablo De La Fuente
**INDUSTRIAL BARRANQUESA, S.A.**
Industrial Barranquesa, S.A.
C/ Uriz 28.
31.830 Lacunza Navarra Spain
Phone: 34~948576014
Email: pdelafuente@barranquesa.com

Jarrod M. Goldfeder, Esq.
**Trade Pacific PLLC**
660 Pennsylvania Ave. SE
Suite 401
Washington, DC 20003
jgoldfeder@tradepacificlaw.com

Norazah Abdul Jabbar
**Government of Malaysia**
Menara Perdagangan Antarabanhsa dan Industri,
No. 7, Jalan Sultan Haji Ahmad Shah,
50480 Juala Lumpur, Malaysia
alltps@miti.gov.my

Johanna Jochum
**American Wind Energy Association**
1501 M Street, NW, Suite 900
Washington, DC 20005
202-425-2065 – voice
jjochum@awea.org

Arpit Bhargava
**SBA Strategy Consulting LLP**
215-216, Tribhuvan Complex,
Ishwar, Nagar, Mathura Road
New Delhi
arpit.bhargava@sbaconsulting.co.in


August 18, 2021

                                                      Daniel Cannistra